UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ABDIKIDAR AHMED, | No. 2:13-cv-1050 MCE DAD P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. RINGLER et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure brought on behalf of defendants Ringler and Scotland. Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

For the reasons stated herein, the court finds that defendants' motion to dismiss should be granted in part and denied in part.

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendants Ringler and Scotland. Therein, plaintiff alleges as follows. On July 2, 2012, defendant Ringler as well as Sergeants Ramirez and Clark conducted a two and a half hour search of plaintiff's personal property and housing area. Sergeant Clark confiscated plaintiff's television and radio, believing they were contraband. Plaintiff showed Sergeant Clark documentation establishing plaintiff's rightful

1

ownership, and Clark subsequently summoned plaintiff to retrieve the seized property. Plaintiff observed that his radio had been damaged due to defendant Ringler's attempt to open it to search for contraband. When plaintiff mentioned this to Sergeant Clark, plaintiff was ordered to leave. Later that day, plaintiff was summoned back to the center complex where Sergeants Ramirez and Clark and defendants Ringler and Scotland were all seated. Plaintiff made a verbal complaint about the prior search and seizure of his property, and defendant Ringler reached over and broke off a piece of plaintiff's radio, saying "There, it's fixed." Immediately thereafter, defendant Scotland warned plaintiff that the searches would continue if he continued to press the issues about which he was verbally complaining. (Compl. at 5-5b)

Plaintiff pursued a formal inmate grievance about defendants' alleged conduct in the center complex, which prison officials denied. On November 21, 2012, Correctional Officers Henderson and DeStefano conducted a search of plaintiff's living area. Shortly thereafter, defendant Ringler arrived at the scene and went straight to plaintiff's living area. Although Officer Henderson told defendant Ringler he had already searched plaintiff's area, defendant Ringler proceeded to search it again anyway. Plaintiff pursued another formal inmate grievance about defendant Ringler's conduct, which prison officials partially granted. On May 7, 2013, defendant Ringler and Correctional Officer Ruiz conducted another search of plaintiff's living area and again confiscated more of plaintiff's property. In terms of relief, plaintiff requests damages. (Compl. at 5b-5d)

At screening, the court found that, liberally construed, plaintiff's complaint appeared to state a cognizable claim for retaliation under the First Amendment against defendants Ringler and Scotland. (Doc. No. 9)

**ANALYSIS**

I. <u>Motion Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

2

1 theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also
2 Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive
3 dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of
4 the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to
5 relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

6       In determining whether a pleading states a claim, the court accepts as true all material
7 allegations in the complaint and construes those allegations, as well as the reasonable inferences
8 that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King &
9 Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740
10 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to
11 dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S.
12 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable
13 inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624
14 (9th Cir. 1981).

15       In general, pro se pleadings are held to a less stringent standard than those drafted by
16 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe
17 such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
18 However, the court's liberal interpretation of a pro se complaint may not supply essential
19 elements of the claim that are not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266,
20 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

21 II. Discussion

22       In the pending motion to dismiss, defense counsel argues that: (1) plaintiff's complaint
23 fails to state a claim for retaliation under the First Amendment against defendants Ringler and
24 Scotland; (2) plaintiff has not alleged facts to support a claim for punitive damages; and (3)
25 defendants are entitled to qualified immunity. (Def.'s Mot. to Dismiss at 4-12.) The court will
26 address each of these contentions in turn.

27 /////

28 /////

(1) <u>Plaintiff's Complaint States a Cognizable Claim under the First Amendment</u>

The court finds unpersuasive defense counsel's argument that plaintiff's complaint fails to state a cognizable claim for retaliation against defendants Ringler and Scotland. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); <u>Bretz</u>, 773 F.2d at 1027 n.1 (courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe pro se filings liberally when evaluating them under <u>Iqbal</u>."); <u>al-Kidd v. Ashcroft</u>, 580 F.3d 949, 977 (9th Cir. 2009) ("'Asking for plausible grounds to infer' the existence of a claim for relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to prove that claim."), <u>rev'd on other grounds by</u> <u>Ashcroft v. al-Kidd</u>, __ U.S. __ , 131 S. Ct. 2074 (2011).

The Ninth Circuit Court of Appeals has held that, within the prison context, a First Amendment retaliation claim has five essential elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal.

<u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). <u>See also</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

In this case, liberally construing the allegations of plaintiff's complaint, he has adequately alleged the five essential elements of a retaliation claim. As to the first element, which requires plaintiff to allege that the defendants took "adverse action" against him, plaintiff alleges that defendant Ringler broke plaintiff's radio, and defendant Scotland "warned" him that cell searches would continue if plaintiff kept verbally complaining about the prior search and seizure of his property. (Compl. at 5b) Plaintiff also alleges that defendant Ringler twice unnecessarily

/////

searched plaintiff's living area and confiscated his property after plaintiff had filed formal inmate grievances about the defendants' conduct. (Id. at 5b)

The court finds that defendant Ringler's alleged breaking of plaintiff's radio constitutes an "adverse action." Rhodes, 408 F.3d at 568 (adverse action element satisfied where officers "arbitrarily confiscated, withheld, and eventually destroyed his property"). In addition, the court finds that defendant Scotland's alleged warning that the cell searches would continue if plaintiff pressed his complaint over those actions constitutes "adverse action." See Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) ("the mere *threat* of harm can be adverse action"). Finally, the court finds that defendant Ringler's subsequent searches of plaintiff's cell also constitute "adverse action." See Packnett v. Wingo, 471 Fed. Appx. 577, 2012 WL 698228 (9th Cir. Mar. 6, 2012) (district court's dismissal of prisoner's retaliation claim improper because he alleged his First Amendment rights were chilled when defendants searched his cell and seized his property);[1] see also McMillan v. Ringler, No. 2:13-cv-00578 MCE KJN P, 2014 WL 7335318 at *8 (E.D. Cal. Dec. 19, 2014) ("prison searches can be retaliatory . . . [g]iven that 'it is to be expected that cell searches will disrupt, not only the prisoner's life, but also the living conditions inside the cell ….'").

Turning now to the second and third elements of a retaliation claim, which require plaintiff to allege that the adverse action taken against him was "because of" his "protected conduct," plaintiff alleges in his complaint that defendant Ringler broke plaintiff's radio and defendant Scotland warned him that the cell searches would continue because he complained about the prior search and seizure of his property. (Compl. at 5b) Plaintiff also alleges that defendant Ringler twice unnecessarily searched plaintiff's housing area and confiscated his property because he had filed formal grievances concerning defendants' conduct. (Compl. at 5b-5d)

The court finds that plaintiff's allegations with respect to the chronology of events allow the reasonable inference that defendants took adverse action against plaintiff because he

---

[1] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1   complained about the defendants' conduct. See Watison, 668 F.3d at 1114 ("Because direct
2   evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of
3   events from which retaliation can be inferred is sufficient to survive dismissal."); Pratt v.
4   Rowland, 65 F.3d 802, 808 ("timing can properly be considered as circumstantial evidence of
5   retaliatory intent"). In addition, the court finds that plaintiff's verbal complaint about the July 2,
6   2012 search and seizure of his property constitutes protected conduct under the First Amendment
7   for purposes of a retaliation claim. See, e.g., West v. Dizon, No. 2:12-cv-1293 MCE DAD, 2014
8   WL 794335 at *5-*6 (E.D. Cal. Feb. 27, 2014) (protected speech includes a prisoner's verbal
9   expression of an intent to submit a formal written grievance); Hackworth v. Torres, No. 1:06-cv-
10  773 RC, 2011 WL 1811035 at *1 (E.D. Cal. May 12, 2011) (rejecting defendant's argument that
11  prisoner's verbal objections to a prison policy during housing classification committee meeting
12  with prison staff was not protected by the First Amendment because the inmate had not filed a
13  written grievance); Uribe v. McKesson, No. 08-cv-1285 SMS, 2011 WL 9640 at *12 (E.D. Cal.
14  Jan. 3, 2011) (prisoner's attempt to report a prison official's misconduct, either "verbally or in
15  writing, constitutes speech or conduct entitled to First Amendment protection."). Finally, it is
16  well established that a prisoner's filing of a formal grievance also constitutes protected conduct
17  under the First Amendment. See Rhodes, 408 F.3d at 568 (prisoners have a First Amendment
18  right to file prison grievances and seek access to the legal process).

19        As to the fourth element of a retaliation claim, which requires plaintiff to allege that
20  defendants' actions had a "chilling effect," as mentioned above, plaintiff alleges that defendant
21  Ringler broke plaintiff's radio and defendant Scotland warned him that the cell searches would
22  continue if plaintiff kept complaining about the prior search and seizure of his property. (Compl.
23  at 5b) Plaintiff also alleges that defendant Ringler twice unnecessarily searched plaintiff's
24  housing area and confiscated his property after he filed formal inmate grievances about
25  defendants' conduct. (Id. at 5b)

26        The court finds that plaintiff has adequately alleged a "chilling effect" because he has
27  alleged more than minimal harm with respect to the destruction of his property and being
28  threatened and subjected to unnecessary cell searches. See Rhodes, 408 F.3d at 568 n.11 ("his

1 allegations that he suffered harm would suffice, since harm that is more than minimal will almost
2 always have a chilling effect."); see also Pratt, 65 F.3d at 807-09 (alleged harm was enough to
3 ground a First Amendment retaliation claim without independently discussing whether the harm
4 had a chilling effect); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (same).
5 Indeed, the Ninth Circuit recently held that the chilling effect element was satisfied where there
6 was arguably less harm at issue. See Watison, 668 F.3d at 1114 (reversing dismissal of retaliation
7 claim and holding that "chilling effect" pleading element was satisfied where prisoner alleged that
8 guard refused to serve him one breakfast in retaliation for filing an inmate grievance); Martin v.
9 Hurtado, Civil No. 07cv0598 BTM (RBB), 2008 WL 4145683 at *9 (S.D. Cal. Sept. 3, 2008)
10 (denying motion to dismiss a retaliation claim for failure to allege chilling effect where the
11 plaintiff alleged he had his television confiscated because this harm would chill the exercise of
12 First Amendment rights); see also Rhodes, 408 F.3d at 568 ("at the pleading stage, we have *never*
13 required a litigant, *per impossible*, to demonstrate a *total* chilling of his First Amendment rights
14 . . . to perfect a retaliation claim."). Moreover, contrary to defense counsel's contention, the fact
15 that defendants' alleged retaliatory conduct did not chill the plaintiff from filing formal
16 grievances or suing the defendants clearly does not defeat his retaliation claim at the motion to
17 dismiss stage. See Watison, 668 F.3d at 1114; Robinson, 408 F.3d at 569.
18   Finally, as to the fifth element, which requires plaintiff to allege that defendants' conduct
19 did not "advance a legitimate correctional goal," plaintiff alleges that defendants' actions were
20 "abusive", "wanton", "malicious", and designed to retaliate and harass plaintiff and deter him
21 from exercising his right to redress his grievances. (Compl. at 5d) In addition, plaintiff alleges
22 that defendant Ringler's cell searches were unnecessary. For example, as noted above, with
23 respect to defendant Ringler's November 21, 2012 cell search, plaintiff alleges that Correctional
24 Officer Henderson told defendant Ringler at the time of the search that he had already searched
25 plaintiff's area, but that defendant Ringler proceeded to search once again anyway. (Compl. at
26 5b)
27   The court also finds that the allegations of plaintiff's complaint allow the court to
28 reasonably infer that defendants' conduct did not serve a legitimate correctional goal. See

Watison, 668 F.3d at 1114-15 ("A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious . . . or that they were 'unnecessary to the maintenance of order in the institution.'") (quoting Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (summary dismissal of retaliation claim improper because prisoner alleged defendant's actions were retaliatory and arbitrary and capricious).

Of course, on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). In fact, "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id. For all the foregoing reasons, the court finds that plaintiff's complaint alleges sufficient facts to plausibly suggest that he is entitled to relief under the First Amendment.

Accordingly, defendants' motion to dismiss plaintiff's complaint for failure to state a cognizable claim for retaliation under the First Amendment should be denied.

(2) Plaintiff has Alleged Facts to Support a Claim for Punitive Damages

The undersigned also finds unpersuasive defense counsel's argument that plaintiff's complaint fails to support a claim for punitive damages. In his request for relief, plaintiff seeks compensatory and punitive damages. (Compl. at 5) To recover punitive damages against an individual officer in a § 1983 case, a plaintiff must show that the officer's conduct is "motivated by evil motive or intent" or "involves reckless or callous indifference to the federally protected rights of others." See Smith v. Wade, 461 U.S. 30, 56 (1983). The Ninth Circuit has further explained that "the standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases," which extends to "malicious, wanton, or oppressive acts or omissions." Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (citing Wade, 461 U.S. at 49).

Here, plaintiff alleges that the defendant Ringler willfully broke his radio and twice unnecessarily searched his cell and confiscated his property. (Compl. at 5b-5d.) Plaintiff also alleges that defendant Scotland warned or threatened him with additional cell searches if he continued to verbally complain about a prior cell search and property seizure. (Id. at 5b.) The

court finds that if these allegations were found to be true a jury could conclude that defendants were "motivated by evil motive or intent" or acted with "reckless or callous indifference" to plaintiff's rights under the First Amendment.

Accordingly, defendants' motion to dismiss plaintiff's request for punitive damages should be denied.

(3) Qualified Immunity

The undersigned now turns to defense counsel's argument that defendants Ringler and Scotland are entitled to qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001).

The Supreme Court has held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." Pearson v. Callahan, 555 U.S. 223, 236 (2009). In this regard, if a court decides that plaintiff's allegations do not make out a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. Likewise, if a court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court may end further inquiries concerning qualified immunity there without determining whether the allegations in fact make out a statutory or constitutional violation. See Pearson, 555 U.S. 236-242.

"A government official's conduct violate[s] clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" al-Kidd, 131 S. Ct. at 2083 (quoting Anderson v. Creighton, 483 U.S. 635 (1987)). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." Id. See also Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) ("The proper inquiry focuses on . . . whether the state of the

law [at the relevant time] gave 'fair warning' to the officials that their conduct was unconstitutional.") (quoting Saucier, 533 U.S. at 202).  The inquiry must be undertaken in light of the specific context of the particular case.  Saucier, 533 U.S. at 201.  Because qualified immunity is an affirmative defense, the burden of proof initially lies with the official asserting the defense.  Harlow, 457 U.S. at 812.

Here, plaintiff alleges that defendant Ringler broke his radio and that defendant Scotland "warned" him of continued cell searches in retaliation for his verbal complaint about a prior cell search and property seizure. (Compl. at 5-5b)  Plaintiff also alleges that defendant Ringler twice unnecessarily searched his cell and confiscated his property in retaliation for plaintiff's filing of formal inmate grievances against defendants. (Compl. at 5b-5d)  As explained above, viewing these allegations in the light most favorable to plaintiff, defendants' conduct violated plaintiff's constitutional right to be free from retaliation under the First Amendment.

However, the court agrees with defense counsel that it was not clearly established at the time of the alleged events in 2012 that a prisoner's verbal complaint (as opposed to filing a formal grievance or lawsuit) constituted protected conduct under the First Amendment for purposes of a retaliation claim.[2]  To date, neither the Supreme Court nor the Ninth Circuit has held that mere oral complaints by a prisoner can form the basis of a retaliation claim within the prison context.

---

[2] Defense counsel has asserted this clearly established argument concerning verbal complaints for the first time in defendants' reply to plaintiff's opposition.  Raising new arguments in a reply brief is disfavored, but a district court has broad discretion to consider them.  See Lane v. Dep't of Interior, 523 F.3d 1128, 1140 (9th Cir. 2008); Gleen K. Jackson v. Roe, 273 F.3d 1192, 1202 (9th Cir. 2001).  Cf. Koerner v. Grigas, 328 F.3d 1039, 1048-49 (9th Cir. 2003) (Ninth Circuit will consider new arguments not raised in an opening brief for good cause shown, if the issue is raised in the opponent's brief, or if failure to properly raise the issue did not prejudice the opposing party).  In this case, the court has considered defense counsel's new argument because the threshold question of whether the law was clearly established for purposes of qualified immunity is purely a question of law.  See Dunn v. Castro, 621 F.3d 1196, 1999 (9th Cir. 2010).  Moreover, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage of litigation." Id. (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991).  If plaintiff believes that the law with respect to verbal complaints constituting protected conduct under the First Amendment was clearly established and that defendants are not entitled to qualified immunity on this basis, he may file objections to these findings and recommendations, and the court will consider his arguments and any authority cited in support thereof at that time so as not to prejudice him.

1  See, e.g., Teahan v. Wilhelm, No. 06cv15 JM (PCL), 2007 WL 5041440 at *9 (S.D. Cal. Dec. 21,
2  2007) ("the Ninth Circuit has never had cause to determine whether oral complaints concerning a
3  prisoner's individual circumstances are protected by the First Amendment."). In addition,
4  although some unpublished decisions from this court have recognized that a prisoner's oral
5  complaint constitute such protected conduct, there is by no means "a robust 'consensus of cases
6  of persuasive authority'" so recognizing. al-Kidd, 131 S. Ct. at 2084. Compare West, 2014 WL
7  794335 at *5-*6 (protected speech includes a prisoner's verbal expression of an intent to submit a
8  formal written grievance); Hackworth, 2011 WL 1811035 at *1 (rejecting defendant's argument
9  that prisoner's verbal objections to a prison policy during housing classification committee
10 meeting with prison staff was not protected by the First Amendment because the inmate had not
11 filed a written grievance); Uribe, 2011 WL 9640 at *12 (prisoner's attempt to report a prison
12 official's misconduct, either "verbally or in writing, constitutes speech or conduct entitled to First
13 Amendment protection."), with Johnson v. Carroll, No. 2:08-cv-1494 KJN P, 2012 WL 2069561
14 at *34 (E.D. Cal. June 7, 2012) (a prisoner's verbal statements and challenges made to defendant
15 incident to challenged strip search fall outside of First Amendment protection and therefore
16 plaintiff failed to state a First Amendment retaliation claim). See also McElroy v. Lopac, 403
17 F.3d 855, 858-59 (7th Cir. 2005) (to support a retaliation claim a prisoner's speech "must relate to
18 a public concern and not just a personal matter to receive First Amendment protection"). As
19 such, plaintiff's claims that defendant Ringler broke his radio and defendant Scotland threatened
20 him with continued cell searches in retaliation for his verbal complaint about a prior cell search
21 and property seizure should be dismissed because the defendants are entitled to qualified
22 immunity with respect to that claim.
23        On the other hand, plaintiff's claim that defendant Ringler twice unnecessarily searched
24 his cell and confiscated his property in retaliation for plaintiff filing of formal inmate grievances
25 survives defendants' motion to dismiss because "the prohibition against retaliatory punishment is
26 'clearly established law' in the Ninth Circuit" under these circumstances. Pratt, 65 F.3d at 806 &
27 n.4 ("[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth
28 Circuit, for qualified immunity purposes.) Any reasonable prison official in defendant Ringler's

position would have known that retaliating against plaintiff with unnecessary cell searches because plaintiff had filed formal inmate grievances against him would be a violation of the First Amendment.  See Rhodes, 408 F.3d at 567.

Accordingly, defendants' motion to dismiss based on the affirmative defense of qualified immunity should be granted as to plaintiff's retaliation claims based on plaintiff's mere verbal complaint about the actions of correctional officers but denied as to plaintiff's retaliation claims based on the alleged response by defendants to his filing of formal inmate grievances regarding their actions.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 17) be granted in part and denied in part as follows:

    a. Defendants' motion to dismiss based on plaintiff's failure to state a claim be denied;

    b. Defendants' motion to dismiss plaintiff's request for punitive damages be denied; and

    c. Defendants' motion to dismiss based on the affirmative defense of qualified immunity be granted as to plaintiff's retaliation claims based on plaintiff's verbal complaint but denied as to plaintiff's retaliation claims based on his filing of formal inmate grievances.

2. Defendant Scotland be dismissed from this action.

3. Within thirty days of any order adopting these findings and recommendations, defendant Ringler be directed to file an answer to plaintiff's remaining claim that the defendant conducted unnecessary cell searches of his living area on November 21, 2012, and May 7, 2013, in retaliation for plaintiff filing formal grievances against him.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 4, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ahme1050.57