UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIKIDAR AHMED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. RINGLER et al.,<br><br>　　　　Defendants. | No.  2:13-cv-1050 MCE DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

Plaintiff has filed a request for additional time to conduct discovery, which defendant Ringler has opposed. Under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992). In this regard, the court may modify a scheduling order deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. See also Zivkovich v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

/////

1    In this case, plaintiff's motion does not establish good cause to modify the discovery and
2    scheduling order.  Specifically, plaintiff has not described what efforts he undertook to meet the
3    discovery deadline previously set by the court in this action, what additional discovery he seeks
4    and why, or how much additional time he needs to conduct necessary discovery in this action.
5    Accordingly, the court will deny plaintiff's motion for an extension of time to conduct discovery.

6    Plaintiff has also filed a motion to compel defendant Ringler's attendance at a deposition
7    by video-conference, which the defendant has opposed.  Rule 30 of the Federal Rules of Civil
8    Procedure governs the procedure by which depositions are taken by oral examination.  "A party
9    who wants to depose a person by oral questions must give reasonable written notice to every
10   other party."  Fed. R. Civ. P. 30(b)(1).  "The party who notices the deposition must state in the
11   notice the method for recording the testimony."  Fed. R. Civ. P. 30(b)(3)(A).  The noticing party
12   must also bear costs of recording the deposition and the cost of transcription if he intends to use
13   the deposition as evidence.  Id.  In addition, that party must arrange for an officer to conduct the
14   deposition (absent a stipulation by all parties otherwise).  Fed. R. Civ. P. 30(b)(5)(A).

15   In this case, plaintiff has not served proper notice of defendant Ringer's deposition.
16   Moreover, although this court granted plaintiff leave to proceed in forma pauperis, "'the
17   expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by
18   Congress.'"  Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v.
19   MacCollom, 426 U.S. 317, 321 (1976)).  The expenditure of public funds for deposition-related
20   costs and fees is not authorized by the in forma pauperis statute or any other statute.  See 28
21   U.S.C. § 1915.  Plaintiff has not indicated how he intends to bear the costs of any deposition.
22   Accordingly, the court will deny plaintiff's motion to compel defendant Ringer's deposition.
23   /////
24   /////
25   /////
26   /////
27   /////
28   /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to conduct discovery (Doc. No. 32) is denied; and

2. Plaintiff's motion to compel defendant Ringler's deposition (Doc. No. 37) is denied.

Dated: October 1, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ahme1050.41d

3