1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ABDIKIDAR AHMED,                    No.  2:13-cv-1050 MCE DB P

12              Plaintiff,

13        v.                             ORDER AND FINDINGS AND
                                         RECOMMENDATIONS
14   S. RINGLER,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Plaintiff claims defendant Ringler conducted unnecessary

19   searches of plaintiff's cell on November 21, 2012 and May 7, 2013 in retaliation for plaintiff's

20   submission of grievances regarding Ringler's July 2, 2012 search of his cell.  Before the court are

21   plaintiff's motions to stay these proceedings, to supplement his complaint, for the appointment of

22   counsel, for a transcript, and for judicial notice.  Defendant opposes each motion.  In addition,

23   defendant moves to strike plaintiff's motion for judicial notice and seeks to modify the scheduling

24   order.

25        For the reasons set forth below, this court denies plaintiff's motions for the appointment of

26   counsel, for a copy of the deposition transcript, and for judicial notice, and denies defendant's

27   motion to strike.  The court recommends plaintiff's motions to stay and to supplement the

28   complaint be denied and defendant's motion to modify the scheduling order be granted.

1

1

**BACKGROUND**

2

**I.      Allegations in the Complaint**

3      Plaintiff filed his complaint on May 28, 2013.  (ECF No. 1.)  Therein, plaintiff alleges the

4  following.  On July 2, 2012, defendant Ringler as well as Sergeants Ramirez and Clark conducted

5  a two and a half hour search of plaintiff's personal property and housing area at California State

6  Prison at Solano.  Sergeant Clark confiscated plaintiff's television and radio, believing they were

7  contraband.  Plaintiff showed Sergeant Clark documentation establishing plaintiff's rightful

8  ownership, and Clark subsequently summoned plaintiff to retrieve the seized property.  Plaintiff

9  observed that his radio had been damaged due to defendant Ringler's attempt to open it to search

10  for contraband.  When plaintiff mentioned this to Sergeant Clark, plaintiff was ordered to leave.

11  Later that day, plaintiff was summoned back to the center complex where Sergeants Ramirez and

12  Clark and defendants Ringler and Scotland were all seated.  Plaintiff made a verbal complaint

13  about the prior search and seizure of his property, and defendant Ringler reached over and broke

14  off a piece of plaintiff's radio, saying "There, it's fixed."  Immediately thereafter, defendant

15  Scotland warned plaintiff that the searches would continue if he continued to press the issues

16  about which he was verbally complaining.  (Compl. (ECF No. 1) at 5-5b.)

17      Plaintiff pursued a formal inmate grievance about defendants' alleged conduct in the center

18  complex, which prison officials denied.  On November 21, 2012, Correctional Officers

19  Henderson and DeStefano conducted a search of plaintiff's living area.  Shortly thereafter,

20  defendant Ringler arrived at the scene and went straight to plaintiff's living area. Although

21  Officer Henderson told defendant Ringler he had already searched plaintiff's area, defendant

22  Ringler proceeded to search it again.  Plaintiff pursued another formal inmate grievance about

23  defendant Ringler's conduct, which prison officials partially granted by conducting an inquiry.

24  However, the grievance was denied.  On May 7, 2013, defendant Ringler and Correctional

25  Officer Ruiz conducted another search of plaintiff's living area and again confiscated more of

26  plaintiff's property.  In terms of relief, plaintiff requests damages, and injunctive and declaratory

27  relief.  (Id. at 5b-5d.)

28  ////

1    ## II.    Procedural History

2         When the complaint was screened, the magistrate judge previously assigned to this case found

3    plaintiff stated First Amendment claims against defendants Ringler and Scotland.  (ECF No. 9.)

4    In June 2014, defendants moved to dismiss the case based on plaintiff's failure to state a First

5    Amendment claim against each defendant and based on qualified immunity.  (ECF No. 17.)  The

6    court held that defendant Ringler was protected by qualified immunity from plaintiff's claim that

7    Ringler broke his radio and that defendant Scotland was protected by qualified immunity from

8    plaintiff's claim that Scotland threatened him in retaliation for his verbal complaint about a prior

9    cell search and property seizure.  The court held that plaintiff's claims against Ringler for cell

10   searches in retaliation for plaintiff's submission of formal grievances survived the motion to

11   dismiss.  (ECF Nos. 26, 27.)

12        Defendant Ringler filed an answer to the complaint on April 9, 2015.  (ECF No. 28.)  On

13   April 16, 2015, the court set a schedule for discovery and pretrial motions.  (ECF No. 29.)   The

14   deadline for conducting discovery expired on July 31, 2015 and the deadline for filing pretrial

15   motions expired on October 23, 2015.  Plaintiff's May 21, 2015 request for an extension of the

16   discovery cut-off was denied.  (ECF No. 45.)

17        The motions presently before the court begin with plaintiff's September 17, 2015 motion to

18   "supplement" his complaint and for the appointment of counsel.  (ECF No. 40.)  Defendant

19   opposes those motions. (ECF Nos. 44, 46.)  On September 22, 2015, plaintiff requested that he be

20   provided a copy of the transcript of his deposition.  (ECF No. 42.)  Defendant opposes that

21   request.  (ECF No. 43.)  Finally, on November 10, 2015, plaintiff filed a request for judicial

22   notice.  (ECF No. 50.)  Defendant opposes that request, and moves to strike it.  (ECF No. 51.)

23        The final motion before the court is defendant's October 23, 2015 motion to modify the

24   scheduling order.  (ECF No. 47.)

25        On August 2, 2016, this case was re-assigned to the undersigned magistrate judge.  (ECF No.

26   54.)

27   ////

28   ////

3

1       **DISCUSSION**

2       **I.       Motion to Stay**

3       If granted, plaintiff's motion to stay could defer this court's consideration of the other pending

4       motions.  Accordingly, the court considers it first.

5       On October 31, 2016, plaintiff moved to stay these proceedings while the Immigration and

6       Naturalization Service ("INS") determines whether plaintiff should be deported.  (ECF No. 55.)

7       Plaintiff states that he is scheduled to be transferred to the custody of the INS within 30 to 60

8       days.  Defendant opposes the stay.  (ECF No. 56.)  Defendant argues that an indefinite stay will

9       prejudice his ability to litigate this case.

10      The United States Supreme Court has clearly indicated that "the power to stay proceedings is

11      incidental to the power inherent in every court to control the disposition of the causes on its

12      docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best

13      be done calls for the exercise of judgment, which must weigh competing interests and maintain an

14      even balance."  Landis v. North American Co., 299 U.S. 248, 254–55 (1936).  In this regard, "the

15      proponent of the stay bears the burden of establishing its need."  Clinton v. Jones, 520 U.S. 681,

16      706 (1997).

17      Plaintiff has failed to show why a stay of these proceedings is necessary.  Plaintiff has not

18      shown that he will be unable to litigate this action while he is in federal custody or that he will

19      otherwise be prejudiced in the present case when he is transferred.  Therefore, the undersigned

20      will recommend denial without prejudice of plaintiff's motion for a stay of these proceedings.

21      **II.      Motion to Supplement Complaint**

22      **A.   Background**

23      Plaintiff requests permission to file a supplement and an appendix of exhibits to his

24      complaint.  He states that he "recently exhausted additional prison grievances to supplement to

25      the [] Original Complaint."  (ECF No. 40 at 2.)  In the body of his motion, plaintiff states that he

26      has attached two exhibits:  the "State Prison Final Review Level of the Director on October 2013

27      (Log No#SOL-13-01366) and in December 2014 (Log No#SOL-14-00475)."  (Id.)  While not

28      attached, those exhibits are part of a "Supplemental Complaint and Appendix of Exhibits" filed

4

the same date.  (See ECF No. 41.)  In this supplemental complaint, plaintiff appears to explain in more detail the May 2013 search.  He now alleges defendant Ringler conducted a strip search, as well as a cell search, at that time.  Plaintiff then makes a second claim of "on-going civil rights constitutional violations by defendant Ringler" regarding Ringler's conduct on January 13, 2014. (Id. at 2-3.)

Attached to the supplemental complaint are exhibits reflecting the grievances and appeals plaintiff made regarding cell searches on May 7 and May 13, 2013 (Log No. SOL-13-01366) and regarding retaliatory harassment he alleges by Ringler on January 13, 2014 (Log No. SOL-14-00475).  (Id. at 7-32.)  It appears that plaintiff's grievance regarding the May 7, 2013 search was denied as being untimely.[1]  (Id. at 8.)  After an inquiry was conducted at the second level of review regarding the May 13, 2013 search, plaintiff's grievance regarding the May 13 search was denied at the third level of review on October 10, 2013.  (Id. at 8-9.)  Plaintiff's grievance shows that the complained-of strip search occurred during the May 13 search.  (Id. at 12.)

Plaintiff's grievance about Ringler's conduct on January 13, 2014 was denied at the third level of review on December 10, 2014.  (Id. at 18.)

Defendant opposes plaintiff's motion to supplement his complaint on the grounds that plaintiff's filing shows plaintiff failed to exhaust his remedies so amendment would be futile, and because plaintiff's delay in moving to supplement the complaint is unjustified and will prejudice defendant if granted.  (ECF No. 44.)  Defendant also seeks an extension of the deadline for filing dispositive motions.

////

////

---

[1] The court is not aware, however, whether plaintiff filed a separate, timely grievance regarding the May 7, 2013 search.  In his complaint, plaintiff states that he has completed the grievance process for his claims.  (Compl. (ECF No. 1) at 4.)  He notes that his grievance regarding the July 2, 2012 search was Log No. CSP-S 12-01670 and was denied at the third level.  (Id. at 5b.) However, he does not identify the log numbers for his grievances regarding the November 21, 2012 and May 7, 2013 searches.  That said, the court notes that a § 1983 plaintiff is not required to show that he has exhausted his administrative remedies in his complaint.  Rather, failure to exhaust is an affirmative defense.  See Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

5

1        **B.   Legal Standards**

2        Where a plaintiff seeks to add claims that arose after the date he filed his complaint, he

3   may move to supplement the complaint.  See Rhodes v. Robinson, 621 F.3d 1002, 1006-07 (9th

4   Cir. 2010).  Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a

5   party to serve a supplemental pleading setting out any transaction, occurrence, or event that

6   happened after the date of the pleading to be supplemented."  See Fed. R. Civ. P. 15(d).  Rule

7   15(d) does not require the moving party to satisfy a transactional test, but there must still be a

8   relationship between the claim in the original pleading and the claims sought to be added.  Keith

9   v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).  Thus, "[w]hile leave to permit supplemental

10  pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action."

11  Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal

12  quotation marks and citation omitted); see also Contreraz v. Stockbridge, No. 1:06–cv–01817

13  LJO SKO PC, 2012 WL 396503, at *1 (E.D. Cal. Feb.7, 2012) (denying plaintiff's motion to file

14  supplemental complaint because his proposed supplement allegations gave rise to a new causes of

15  action); Gonzalez v. Mason, No. C 07–180 SI (pr), 2008 WL 2079195, at *2 (N.D. Cal. May 15,

16  2008) (denying plaintiff's motion to file supplemental complaint because the proposed

17  supplement included different defendants and new claims).  "The purpose of Rule 15(d) is to

18  promote as complete an adjudication of the dispute between the parties as possible by allowing

19  the addition of claims which arise after the initial pleadings are filed."  William Inglis & Sons

20  Baking Co. v. ITT Cont'l Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1981) (internal citations

21  omitted).

22        Where the plaintiff seeks to add claims that arose prior to filing his complaint, he must

23  move to amend the complaint.  Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014).  The Federal

24  Rules provide that leave to amend pleadings "shall be freely given when justice so requires."

25  Fed. R. Civ. P. 15(a). " [T]his policy is to be applied with extreme liberality."  Morongo Band of

26  Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (citing DCD Programs, Ltd. v.

27  Leighton, 833 F.2d 183, 186 (9th Cir.1987)).  However, the Supreme Court has stated that a court

28  ////

6

1    may decline to grant leave for reasons that are apparent and stated on the record.  Foman v.

2    Davis, 371 U.S. 178, 182 (1962).

3         The standards for granting a motion to supplement or amend are similar.  The primary

4    difference is that to amend, plaintiff must file a new complaint.  See E.D. Cal. R. 220 (amended

5    complaint be complete in itself without reference to any prior pleading).  He need not do so to

6    supplement his complaint with new, related claims.

7         The Ninth Circuit has interpreted the decision in Foman as identifying "four factors

8    relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad

9    faith or dilatory motive, futility of amendment, and prejudice to the opposing party."  United

10   States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).  These factors are also examined when

11   considering a motion to supplement the complaint.  Keith, 858 F.2d at 474;  San Luis & Delta-

12   Mendota Water Auth. v. U.S. Dept. of Interior, 236 F.R.D. 491, 497 (E.D. Cal. May 17, 2006).

13   The factors do not carry equal weight.  "[D]elay alone no matter how lengthy is an insufficient for

14   denial of leave to amend."  Webb, 655 F.2d at 980.  "Prejudice to the opposing party is the most

15   important factor."  Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  "Absent

16   prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption

17   under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC v. Aspeon, Inc.,

18   316 F.3d 1048, 1052 (9th Cir. 2003).

19        Futility of an amendment can, standing alone, justify denial of a request to file an

20   amended pleading.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  A proposed

21   amendment is futile if it presents no set of facts that would, even if proven, constitute a valid

22   claim.  See Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  The standard for

23   assessing whether a proposed amendment is futile is therefore the same as the standard imposed

24   under Federal Rule of Civil Procedure 12(b)(6).  Id.  In that analysis, the court reviews the

25   complaint for "facial plausibility."  "A claim has facial plausibility when the plaintiff pleads

26   factual content that allows the court to draw the reasonable inference that the defendant is liable

27   for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of

28   the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

7

### C.   Analysis

Before considering defendant's opposition to plaintiff's motion to supplement, it is worth clarifying the various incidents that appear to be the subject of plaintiff's original and supplemental complaints.

- First, in his original complaint, plaintiff describes a lengthy search of his belongings and living area which occurred on July 2, 2012 and which resulted in the seizure of, and damage to, a radio.  Plaintiff states that he filed a grievance, and appeals, regarding this search, which he identifies as Log No. CSP-S 12-01670.

- Second, also in his original complaint, plaintiff appears to challenge searches conducted by defendant Ringler on November 21, 2012 and May 7, 2013.  Plaintiff argues that defendant Ringler conducted these November 2012 and May 2013 searches in retaliation for plaintiff's submission of the grievance regarding the July 2, 2012 search.

- Third, in his supplemental complaint, plaintiff raises for the first time a May 13, 2013 search by Ringler.  He provides documentation that shows he filed a grievance regarding that search that he appealed through the third level.  The denial of his third level appeal is dated October 10, 2013.

- Fourth, also in his supplemental complaint, plaintiff raises a January 13, 2014 search by Ringler.  He again shows that he filed a grievance regarding that search, and that he appealed that grievance to the third level of review.  The denial of his third level appeal regarding the January 13, 2014 search is dated December 10, 2014.

Defendant's first argument in opposition to plaintiff's motion to supplement is that supplementing the complaint would be futile because plaintiff's new pleading shows that he failed to exhaust his administrative remedies prior to filing the present suit.  (ECF No. 44 at 2-4.)  Specifically, defendant contends that plaintiff's claim involving the May 7, 2013 search is unexhausted.  He also contends plaintiff's two new claims, regarding the May 13, 2013 search and the January 13, 2014 search were unexhausted at the time plaintiff filed his original

1    complaint herein.

2          The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be

3    brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a

4    prisoner confined in any jail, prison, or other correctional facility until such administrative

5    remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  A review of the records before

6    this court does not validate any of defendant's arguments that plaintiff failed to exhaust.

7          First, with respect to the May 7, 2013 search, the grievance attached to plaintiff's

8    supplemental complaint discussed the May 13, 2013 search and added information about the May

9    7, 2013 search.  It is not clear whether plaintiff intended to challenge both searches through his

10   grievance.  The third level review mentioned that the May 7 search was untimely and stated that it

11   would "not be addressed in this response."  (ECF No. 41 at 8.)  This court recognizes that even if

12   plaintiff did file a separate grievance about the May 7 search, it is unlikely that grievance was

13   resolved through all three levels of review prior to plaintiff's submission of his original

14   complaint, filed here on May 28, 2013 but was signed by plaintiff on May 10, 2013.  In any

15   event, the court will not address the question of plaintiff's exhaustion of his original claims at this

16   stage of the proceedings.  The Ninth Circuit has made clear that questions of exhaustion are best

17   resolved through a motion for summary judgment.  Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir.

18   2014) (en banc).  For this reason, the court also declines to consider plaintiff's request for judicial

19   notice and second supplemental filing (ECF No. 50) regarding his exhaustion of other claims.

20         Second, plaintiff's two new claims regarding the May 13, 2013[2] and January 13, 2014

21   searches appear to be sufficiently exhausted because plaintiff completed all levels of

_____

22   [2] There is some question whether plaintiff's May 13 claim occurred before or after he "filed" his
     complaint.  While the complaint was filed here on May 28, 2013, plaintiff signed it on May 10.
23   Under the Mailbox Rule of Houston v. Lack, 487 U.S. 266 (1988), a pro se prisoner's court filing
     is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court
24   clerk.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  It is not clear when plaintiff
     delivered his complaint to prison authorities.  The court need not make that determination for
25   purposes of this order because the court finds below that the prejudice to defendant dictates
     against permitting plaintiff to add new claims.  Therefore, for purposes of this order it does not
26   matter whether the May 13 claim occurred before plaintiff filed his complaint and could be
     amended into his complaint or whether the May 13 claim occurred after plaintiff filed his
27   complaint and could be supplemented to his complaint.

28

1   administrative review before seeking to include them in this action.[3]   The Ninth Circuit has

2   specifically permitted the amendment and supplementation of a section 1983 complaint with new

3   claims so long as those claims were exhausted before the plaintiff sought to add them to his case.

4   Rhodes, 621 F.3d at 1006-07; Cano, 739 F.3d at 1220.

5       Defendant's arguments that plaintiff delayed seeking to add these new claims, to

6   defendant's prejudice, has merit.  In his grievances regarding the May 13, 2013 and January 13,

7   2014 searches, plaintiff complained of the same sort of conduct, searches, conducted by the same

8   person, Officer Ringler, for the same reasons, retaliation, as he did in his original complaint.

9   Therefore, plaintiff had every reason to know these new claims would be relevant to his pending

10  case.  Yet, plaintiff did not seek to add the grievance regarding the May 13 search to his

11  complaint until almost two years after the conclusion of his grievance procedures on October 10,

12  2013.  He waited nine months to add the January 13, 2014 search.  He knew of these new claims,

13  but failed to add them until over a month after discovery closed on July 31, 2015.  Defendant

14  deposed plaintiff during the discovery period regarding the allegations in plaintiff's complaint.

15  (Decl. of Arthur B. Mark III (ECF No. 44-1) ¶¶2-3.)   If plaintiff is now permitted to add new

16  allegations, discovery should be re-opened to permit defendant to conduct discovery regarding

17  these issues.  The time and expense of re-opening discovery has been recognized by courts as

18  sufficiently prejudicial to prevent the addition of new claims.  See Lockheed Martin Corp. v.

19  Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and

20  therefore delay the proceedings supports a district court's finding of prejudice from a delayed

21  ////

22

23  [3] Defendant argues that plaintiff is not asserting new claims regarding the May 13, 2013 and
    January 13, 2014 searches, but is asserting a single claim of retaliation that was not exhausted
24  when he filed his complaint.  Defendant's argument is not sensible.  By that measure, a defendant
    would never be able to exhaust if he is repeatedly subjected to retaliatory conduct.  Plaintiff seeks
25  to add to his complaint just the sort of new allegations that the Ninth Circuit permitted the
    plaintiff to add in Rhodes.  In Rhodes, the plaintiff alleged prison guards retaliated against him
26  for exercising his First Amendment rights by pursuing a prison grievance against them.  Just like
    plaintiff in the present case, plaintiff Rhodes sought to add to his action additional retaliatory acts
27  perpetrated by the same defendant guards.  621 F.3d at 1003-04.  The Ninth Circuit held that the
    new claims could be supplemented into the plaintiff's action.  Id. at 1007.
28

1   motion to amend the complaint.").   For these reasons, this court will recommend denial of

2   plaintiff's motion to supplement.

3         **III.**      **Motion for Appointment of Counsel**

4       Plaintiff bases his request for the appointment of counsel on the fact that he is a native of

5   Somalia and is not fluent in English.  (ECF No. 40 at 3.)  He states that he has been able to file

6   documents thus far only with the help of other inmates.  Defendant opposes the motion.  (ECF

7   No. 46.)   According to defendant's counsel, during plaintiff's almost three-hour deposition,

8   which was conducted in English, "[p]laintiff understood and responded to all of the questions

9   [counsel] asked.  At no time did he state that he did not understand any question or could not

10  respond because English was his second language."  (Id. at 4.)

11      The United States Supreme Court has ruled that district courts lack authority to require

12  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

13  U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

14  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

15  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

16      The test for exceptional circumstances requires the court to evaluate the plaintiff's

17  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

18  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

19  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

20  common to most prisoners, such as lack of legal education and limited law library access, do not

21  establish exceptional circumstances that would warrant a request for voluntary assistance of

22  counsel.

23      This court is sympathetic to plaintiff's difficulties with the English language.  However, it

24  appears he has some understanding of English and "the court does not have the resources to

25  appoint counsel for every prisoner with limited English language and reading skills who files a

26  civil rights action."  Nguyen v. Bartos, No. 2:10-cv-1461 WBS KJN P, 2012 WL 3589797, at *2

27  (E.D. Cal. Aug. 20, 2012).  In the present case, the court does not find the required exceptional

28  circumstances for the appointment of counsel.

1    **IV.    Request for Deposition Transcript**

2         Plaintiff states that he received a copy of his deposition transcript, but was not provided

3    sufficient time by his counselor to read it.  As a result, his counselor returned it "un-signed" and

4    "un-read."  (ECF No. 42.)  Plaintiff asks the court to provide him a copy of the transcript "to read

5    and sign for myself."  Plaintiff was notified at that time that "There is no transcript filed on the

6    docket of this case."

7         To the extent plaintiff is requesting the court order defendant to provide plaintiff a copy of the

8    transcript free of charge, the court will not do so.  There is no statutory requirement for the

9    government to provide a litigant proceeding in forma pauperis with a copy of a deposition

10   transcript.  See 28 U.S.C. § 1915(d); see also Whittenberg v. Roll, No. 2:04–cv–2313 FCD JFM,

11   2006 WL 657381, at *5 (E.D. Cal.  Mar. 15, 2006) (denying plaintiff's motion to compel

12   defendant to provide him with a copy of the deposition transcript free of charge).  Moreover,

13   under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition

14   is taken must provide a copy of the transcript to any party or to the deponent upon payment of

15   reasonable charges therefor.  Id.  Thus, the court will not order the court reporter, defense

16   counsel, or the defendant to provide plaintiff with a copy of his deposition transcript without

17   charge.  Plaintiff must obtain the deposition transcript from the officer before whom the

18   deposition was taken on.  See Boston v. Garcia, No. 2:10–cv–1782 KJM DAD, 2013 WL

19   1165062, at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing

20   the defendant to provide him with a copy of his deposition transcript).  Thus, to the extent that

21   plaintiff seeks a copy of the deposition transcript without charge, plaintiff's request is denied.

22        To the extent plaintiff is requesting that he be provided an opportunity to examine the original

23   copy of the deposition transcript again, plaintiff has failed to show defendant did not provide him

24   sufficient time to review the transcript previously.  If plaintiff wishes to review the deposition

25   transcript, he should contact the court reporter to obtain a copy.

26   **V.     Request for Judicial Notice & Motion to Strike**

27        After plaintiff filed a reply to defendant's opposition to plaintiff's motion to supplement the

28   complaint, plaintiff filed a motion entitled "JUDICIAL NOTICE REQUEST" and "2ND

1   SUPPLEMENTAL PLEADINGS ON SUBMISSION OF EVIDENTIARY DOCUMENTS

2   PROVING EXHAUSTION OF ADMINISTRATIVE REMEDIES."  (ECF No. 50.)   Therein,

3   plaintiff asks the court to take judicial notice of the attached copies of his grievance and appeals

4   regarding the July 2, 2012 search by defendant Ringler, and others.  Defendant opposes the

5   motion and moves to strike this filing as an unauthorized supplemental brief.  (ECF No. 51.)

6       As stated above, the court will not address exhaustion issues at this time.  Accordingly, the

7   materials plaintiff seeks the court to judicially notice are not relevant and plaintiff's request will

8   be denied.  Because the court denies plaintiff's request, defendant's motion to strike is denied as

9   moot.

10   **VI.     Motion to Modify Scheduling Order**

11       In October 2015, defendant requested modification of the scheduling order based on the need

12   to resolve plaintiff's pending motion to supplement the complaint.  As discussed above, the court

13   will recommend denial of plaintiff's motion to supplement.  Discovery has closed.  The only date

14   to be continued is the date for filing pretrial motions.   The parties should be permitted thirty days

15   after the district judge's ruling on these recommendations to file any pretrial motion as described

16   in the court's April 16, 2015 scheduling order (ECF No. 29).

17       For the foregoing reasons, IT IS HEREBY ORDERED as follows:

18       1.  Plaintiff's motion for the appointment of counsel (ECF No. 40) is denied;

19       2.  Plaintiff's motion for a copy of his deposition transcript (ECF No. 42) is denied;

20       3.  Plaintiff's request for judicial notice (ECF No. 50) is denied; and

21       4.  Defendant's motion to strike (ECF No. 51) is denied.

22       Further, IT IS HEREBY RECOMMENDED that:

23       1.   Plaintiff's motion to stay (ECF No. 55) be denied;

24       2.  Plaintiff's motion to supplement the complaint (ECF No. 40) be denied; and

25       3.  Defendant's motion to modify the scheduling order (ECF No. 47) be granted and the

26          parties be permitted thirty days after the district judge's ruling on these findings and

27          recommendations to file any pretrial motions.

28   ////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 3, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/ahme1050.mta

14