UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIKIDAR AHMED,<br><br>        Plaintiff,<br><br>   v.<br><br>S. RINGLER,<br><br>        Defendant. | No. 2:13-cv-1050 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendant Ringler conducted unnecessary searches of plaintiff's bunk area on November 21, 2012 and May 7, 2013. Plaintiff alleges these searches were in retaliation for plaintiff's submission of grievances regarding Ringler's July 2, 2012 search of his bunk area. Before the court is defendant's motion for summary judgment (ECF No. 62), defendant's motion to strike evidence submitted with plaintiff's opposition (ECF No. 69), and plaintiff's motion for leave to amend his opposition to the motion to dismiss (ECF No. 70). The court will deny as moot defendant's motion to strike, grant plaintiff's motion for leave to amend, and recommend defendant's motion for summary judgment be granted.

////

////

////

**BACKGROUND**

I. **Procedural Background**

Plaintiff filed his complaint on May 28, 2013. (ECF No. 1.) The magistrate judge then assigned to the case screened plaintiff's complaint and determined service was appropriate for defendants Ringler and Scotland. (ECF No. 9.) Pursuant to defendants' motion to dismiss the court recommended Scotland be dismissed but that Ringler be directed to answer plaintiff's retaliation claim. (ECF No. 26.) The district judge adopted the findings and recommendations in full (ECF No. 27) and Ringler filed a responsive pleading. (ECF No. 28.)

After the close of discovery, Ringler filed a motion for summary judgment. (ECF No. 62.) Plaintiff filed an opposition (ECF No. 68) and defendant replied (ECF No. 69). Along with the reply brief, defendant moved to strike evidence plaintiff submitted in the opposition to the summary judgment motion. (ECF No. 69.) Plaintiff filed a motion for leave to amend his opposition (ECF No. 70.) and filed an amended opposition (ECF No. 71). Ringler opposed plaintiff's motion for leave to amend the opposition (ECF No. 72).

II. **Allegations in the Complaint**

Plaintiff alleges, on July 2, 2012, defendant Ringler along with Sergeants Ramirez and Clark conducted a two and a half hour search of plaintiff's personal property and housing area at California State Prison at Solano. (ECF No. 1 at 3.) As a result of the search, plaintiff's television and radio were confiscated because they were deemed contraband. (Id.) Plaintiff claims he was able to establish rightful ownership and the items were returned. (Id.) When he went to retrieve the items he noticed the radio was damaged due to Ringler's attempts to open the radio and search for contraband. (Id.) Plaintiff filed an inmate appeal regarding the search on July 12, 2012. (Id. at 4.) Plaintiff's appeal was denied at all three levels, and was exhausted on January 3, 2013, when the third level review was completed. (Id.) Plaintiff claims in retaliation for filing this appeal, he was subjected to improper searches on November 21, 2012 and May 7, 2013. (Id. at 4-5.) Plaintiff requests damages, and injunctive and declaratory relief. (Id. at 5.)

////

////

**MOTION FOR LEAVE TO AMEND OPPOSITION**

Plaintiff filed a motion for leave to amend his opposition to Ringler's motion for summary judgment. (ECF No. 70.) Additionally, Ringler moved to strike evidence submitted with plaintiff's opposition to the motion for summary judgment. (ECF No. 69-1.)

It is well-established that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc). However, the unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 & n.4 (9th Cir. 1986) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. at 1364 n.4 (citation omitted).

The court is mindful of the Ninth Circuit's more overarching caution in this context, as noted above, that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Accordingly, the court will grant plaintiff's motion to amend his opposition, and considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition and amended opposition which have evidentiary support in the record will be considered. Additionally, the court will deny defendant's motion to strike as moot because the court did not rely upon any of the documents identified in the motion to strike in reaching a decision on defendant's motion for summary judgment.

////
////
////

# MOTION FOR SUMMARY JUDGMENT

In his motion for summary judgment Ringler argues plaintiff failed to exhaust administrative remedies, no reasonable juror could conclude Ringler's actions were retaliatory, and Ringler is entitled to qualified immunity. Plaintiff responds that he has exhausted administrative remedies, and he has submitted proof of all five elements to support a claim of retaliation in violation of the First Amendment.

## I. Legal Standard For Motion for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 569(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule

56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S.242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank,

## II. Exhaustion Requirement

Ringler argues the court should grant the motion for summary judgment because plaintiff failed to exhaust administrative remedies before he brought suit. He argues the only grievance exhausted before plaintiff brought suit on May 28, 2013 was a grievance he filed on July 12, 2012. Ringler further argues plaintiff failed to exhaust a grievance regarding the alleged retaliatory searches before he filed his retaliation claim against Ringler. Plaintiff argues he exhausted administrative remedies and points to appeal Nos. 01670, 00123, 01021, 01366, and 00475 as evidence.

### A. Legal Standards

#### 1. Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PRLA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731, 736 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In

discussing availability in <u>Ross</u> the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administration scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." <u>Id.</u> at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" <u>Id.</u> at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." <u>Id.</u> at 1857.

"[F]ailure to exhaust is an affirmative defense under the PLRA." <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy." <u>Albino v. Baca</u>, 747 F.3d 1162, 1172 (9th Cir. 2014) (citing <u>Hilao v. Estate of Marcos</u>, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." <u>Id.</u>

A prisoner is required to exhaust administrative remedies before filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium). Section 1997e(a) mandates that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted. 42 U.S.C. § 1997e(a). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained." <u>Booth</u>, 532 U.S. at 738. "Exhaustion subsequent to the filing of suit will not suffice." <u>McKinney</u>, 311 F.3d at 1199.

**2. California Regulations Governing Exhaustion of Administrative Remedies**

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting <u>Jones</u>, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). California regulations allow a prisoner to "appeal" any action or inaction by prison staff

7

that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[1] The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id. § 3084.2(a).

"The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

**B. Material Facts**

Plaintiff has not challenged, and nothing in the record contradicts, any of the facts related to the contents or timing of the appeals put forth as evidence by both parties regarding exhaustion. Fed. R. Civ. P. 56(e)(1) ("If a party . . . fails to properly address another party's assertion of facts as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.") While the parties dispute a number of facts, the court's findings do not depend on any of those disputed facts.

At all relevant times, plaintiff was an inmate housed at California State Prison-Solano. (Plaintiff's Amended Opposition ("Pl.'s Am. Opp.") (ECF No. 71-2 at 1, ¶ 1).) On July 2, 2012 Ringler and two other prison officials conducted a search of plaintiff's bunk area. As a result of the search plaintiff's radio was confiscated. Plaintiff filed inmate appeal No. 01670 regarding the search, complaining Ringler damaged his radio while attempting to search it. Plaintiff brought this suit on May 28, 2013. (ECF No. 1.) From December 2012 to January 2014 plaintiff filed four appeals (appeal Nos. 00123, 01021, 01366, and 00475) regarding Ringler's alleged retaliation in response to appeal No. 01670. The court will address each of the appeals plaintiff claims show he met the exhaustion requirement in turn.

---

[1] All citations to Title 15 of the California Code of Regulations are, unless otherwise noted, for the current version, which has been unchanged, in pertinent part, since January 2011.

8

### C. Analysis of Appeals Related to Plaintiff's Claim

#### 1. Inmate Appeal No. 01670

Plaintiff filed appeal No. 01670 on July 12, 2012, following the July 2, 2012 search in which Ringler allegedly damaged plaintiff's radio. (Plaintiff's Opposition ("Pl.'s Opp.") (ECF No. 68 at 29).) Plaintiff claimed his radio was inappropriately confiscated and damaged by Ringler. (Pl.'s Opp. (ECF No. 68 at 29-31).) This appeal was exhausted on January 30, 2013 when the third level review was completed. (Pl.'s Opp. (ECF No. 68 at 35).)

In order to fully exhaust administrative remedies an appeal must put prison officials on notice of the claim. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."). A prisoner puts officials on notice when he provides the detail required by the prison's regulation. Id. (citing Jones, 549 U.S. at 218). At the time, California prison regulations required only that an inmate describe the problem and state the relief requested. Cal. Code Regs. tit. 15, § 3084.2(a) (2010).

Appeal No. 01670 was exhausted before plaintiff filed suit. However, it did not satisfy the exhaustion requirement because it failed to put prison officials on notice of plaintiff's retaliation claim. This appeal could not have put prison officials on notice of plaintiff's retaliation claim because the alleged retaliation had not occurred when plaintiff filed this appeal in July 2012. Because this appeal did not put prison officials on notice of his claim in this case, it did not exhaust plaintiff's administrative remedies.

#### 2. Inmate Appeal No. 00123

Plaintiff filed appeal No. 00123 on December 18, 2012 following a search involving Ringler on November 21, 2012. (Pl.'s Opp. (ECF No. 68 at 70).) Plaintiff's appeal was partially granted at the second level of review on April 15, 2013. (Pl.'s Opp. (ECF No. 68 at 75-76).) Plaintiff appealed to the third level of review, which was completed on August 14, 2013. (Pl.'s Opp. (ECF No. 68 at 77-78).)

Plaintiff claims appeal No. 00123 was exhausted because he received a partial grant at the second level of review before he brought this suit. (Plaintiff's Amended Opposition ("Pl.'s Am.

9

Opp.") (ECF No. 71 at 9).) However, plaintiff sought and received a third level review decision, meaning administrative remedies were still available. Because administrative remedies were available, plaintiff was required to exhaust them before he brought this suit. See Woodford, 548 U.S. at 85-86; McKinney, 311 F.3d at 1199-1201 (To have properly exhausted his claim, plaintiff must have submitted an inmate appeal regarding his claim and obtained a third level decision prior to filing his action.). Plaintiff filed suit in May 2013, before he received the third level decision in August 2013. This appeal did not satisfy the exhaustion requirement because plaintiff did not wait to receive the third level appeal decision before filing suit.

### 3. Inmate Appeal No. 01021

Plaintiff filed appeal No. 01021 on April 25, 2013 after prison officials confiscated the radio plaintiff alleges Ringler damaged. (Pl.'s Opp. (ECF No. 68 at 94).) This appeal was exhausted on January 13, 2014 when the third level of review was completed. (Pl.'s Opp. (ECF No. 68 at 92).)

Even though plaintiff fully exhausted this appeal, he did not do so before he brought suit, therefore it did not serve to exhaust administrative remedies regarding his claim in this suit. See Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney, 311 F.3d at 1199) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.").

### 4. Inmate Appeal No. 01366

Plaintiff filed appeal No. 01366 on June 11, 2013 regarding a search of plaintiff's bunk area on May 7, 2013 and a body search conducted on May 13, 2013, both involving Ringler. (Ex. A to Declaration of Arthur Mark ("Decl. of Mark") (ECF No. 62-4 at 81-84).) The appeals examiner refused to address the May 7, 2013 incident in plaintiff's appeal because it was beyond the time constraints set out in the controlling regulation. (Ex. A to Decl. of Mark (ECF No. 62-4 at 79).) The appeal was exhausted on October 10, 2013 when the third level of review was completed. (Id.) Because this appeal was filed after plaintiff brought suit it did not exhaust plaintiff's administrative remedies.

10

### 5. Inmate Appeal No. 00475

Plaintiff filed Appeal No. 00475 on January 25, 2014. (Pl.'s Opp. (ECF No. 68 at 108).) Plaintiff received a second level response on April 18, 2014. (Pl.'s Opp. (ECF No. 68 at 112).) It is unclear if this appeal was submitted for third level review. This appeal does not satisfy the exhaustion requirement because plaintiff filed it in January 2014, several months after he brought suit in May 2013.

### D. Discussion

Although plaintiff exhausted appeals regarding his claim while this lawsuit was pending, it is undisputed he did not exhaust before he filed his complaint. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (a prisoner "may initiate litigation in federal court only after the administrative process ends"); McKinney, 311 F.3d at 1199 (prisoner must exhaust available remedies before he files his complaint; he may not do so during the course of the litigation).

The court does not have discretion to ignore the fact that plaintiff brought suit before the claims were exhausted. See Booth, 731 U.S. at 741. "'Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*.'" McKinney, 311 F.3d at 1200 (quoting Perez v. Wisc. Dept. of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999)) (emphasis in original).

While appeal No. 01670 was exhausted before plaintiff brought suit, it was not sufficient to put prison officials on notice of his retaliation claim because events giving rise to his claim had not yet occurred when plaintiff filed the appeal. Appeal Nos. 00123, 01021, 01366, and 00475 also fail to satisfy the exhaustion requirement because the appeals process had not concluded when plaintiff brought suit.

Further, it is clear administrative remedies were available to plaintiff because he pursued and exhausted appeal Nos. 00123, 01021, and 01366 while this suit was pending and he admitted the appeals process was available to him. (Ex. B to Decl. of Mark (ECF No. 62-4 at 97); Pl.'s Am. Opp. (ECF No. 71-2 at 2).) Because plaintiff failed to satisfy the exhaustion requirement before filing suit, the court declines to consider whether Ringler retaliated or is entitled to qualified immunity. The court recommends Ringler's motion for summary judgment be granted.

However, plaintiff is advised that this court also recommends dismissal of this action without prejudice. It is plaintiff's right to bring a new action on these same facts now that he has exhausted administrative remedies, provided he is not barred by the statute of limitations.

**CONCLUSION**

For the reasons set forth above, the court finds there are no genuine issues of material fact regarding exhaustion and defendant's motion for summary judgment should be granted.

IT IS HEREBY ORDERED that:

1. Defendant's motion to strike evidence submitted in plaintiff's opposition (ECF No. 69) is denied as moot; and
2. Plaintiff's motion for leave to amend the opposition to defendant's motion for summary judgment (ECF No. 70) is granted.

IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 62) be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-civil rights/ahme1050.msj